UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSTAFA GHULAMI,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3107

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny in part Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, order further briefing regarding Petitioner's third-country removal claim, as detailed above, and enjoin Respondents from removing Petitioner from the United States to enable the Court to retain jurisdiction to adjudicate the remaining claim.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with an individualized bond hearing. (Pet., ECF No. 1, PageID.35. Petitioner also filed an emergency motion for temporary restraining order, seeking an order prohibiting Respondents from transferring Petitioner outside of this District during the pendency of this action, (ECF No. 2), a second emergency motion for

temporary restraining order, asking, *inter alia*, that the Court order Respondents to return Petitioner to his judicial District and bar any further transfer outside of the District without leave of court, (ECF No. 5), and a third emergency motion for judicial notice and for expedited ruling, asking that this Court take judicial notice of the contents of two news reports, order Respondents to disclose Petitioner's location and the Government's plan for removal, and expedite its ruling on this matter, (ECF No. 6).

In an order entered on October 30, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.) Respondent filed a response on November 2, 2026, (ECF No. 8), and Petitioner filed his reply on November 9, 2026, (ECF No. 9). On November 6, 2026, Petitioner filed a supplement to his third emergency motion. (ECF No. 10.)

## II. Relevant Factual Background

The following relevant factual background was described in detail in connection with Petitioner's first § 2241 petition:

> Petitioner is a native of Iran and citizen of Afghanistan, who was admitted to the United States on May 24, 2017, as a refugee. (McClure Decl. ¶ 4, ECF No. 5-1, PageID.241.) On August 7, 2017, Petitioner was convicted of aggravated assault, in violation of Mich. Comp. Laws § 750.81a and sentenced to 38 days confinement. (2025 Form I-213, ECF No. 5-2, PageID.247.) On May 22, 2019, USCIS adjusted Petitioner's status to lawful permanent resident. (McClure Decl. ¶ 6, ECF No. 5-1, PageID.241.)
>
> On December 26, 2019, Petitioner was convicted of operating intoxicated with a high blood alcohol concentration and malicious destruction of personal property, in violation of Mich. Comp. Laws § 750.377a(1)(c)(1) and sentenced to 1 day confinement and 12 months of probation. (2025 Form I-213, ECF No. 5-2, PageID.247.)
>
> On November 10, 2025, the Department of Homeland Security (DHS) issued Petitioner a Notice to Appear (NTA), charging Petitioner as removable under section 237(a)(2)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner was "convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be

> imposed" and section 237(a)(2)(A)(ii) of the INA because Petitioner was "convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." (Notice to Appear (NTA), ECF No. 5-5, PageID.257.)
>
> ICE agents arrested Petitioner on February 12, 2026. (2026 Form I-213, ECF No. 5-2, PageID.246.)
>
> On April 27, 2026, the Detroit Immigration Court denied Petitioner's motion to terminate the removal proceedings, finding that Petitioner is removable under Sections 237(a)(2)(A)(i) and 237(a)(2)(A)(ii) of the INA. (Apr. 27, 2026, Immigration Judge Order, ECF No. 5-6, PageID.262.) The Detroit Immigration Court also denied Petitioner's motion to reconsider the April 27, 2026, decision, again finding that aggravated assault under Mich. Comp. Laws § 750.81a and malicious destruction of personal property, in violation of Mich. Comp. Laws § 750.377a(1)(c)(1) are crimes involving moral turpitude. (Jun. 2, 2026, Immigration Judge Order, ECF No. 1-12, ECF No. 192–195.)
>
> Petitioner requested a custody redetermination; and on July 7, 2026, the Detroit Immigration Court denied Petitioner's request, finding that Petitioner is subject to "[m]andatory detention" under § 1226(c) due to his prior convictions involving moral turpitude and, alternatively, because Petitioner "has failed to show he is not a danger." (July 7, 2026, Immigration Judge Order, ECF No. 5-8, PageID.269; Recording of Jul 7, 2026, Bond Hearing, filed on Jul. 24, 2026.)

Op., *Ghulami v. Raycraft* (*Ghulami I*), No. 1:26-cv-2035 (W.D. Mich. Aug. 5, 2026) (ECF No. 7).

On July 10, 2026, Petitioner filed his first § 2241 petition in *Ghulami I*. In *Ghulami I*, the Court dismissed Petitioner's petition for writ of habeas corpus without prejudice because Petitioner had not exhausted his administrative remedies. Op. & Jud., *Ghulami I*, (W.D. Mich. Aug. 5, 2026 (ECF Nos. 7, 8).

On August 31, 2026, an immigration judge ordered Petitioner removed to Afghanistan. (Immigration Judge Order, ECF No, 8-1, PageID.731.) Petitioner did not file a timely appeal of that order. (Board of Immigration Appeals (BIA) Order, ECF No. 8-2, PageID.736.)[1]

[1] To the extent that Petitioner seeks to challenge the October 19, 2026, decision of the BIA, finding that Petitioner's appeal was untimely, Petitioner's channel for judicial review is through the Sixth Circuit Court of Appeals, not this Court. *See* 8 U.S.C. §§ 1252(a)(5), 1252(b)(9); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483, 485 (1999) (explaining that, read together,

On October 28, 2026, ICE officers moved Petitioner to an undisclosed detention facility. (Pet., ECF No. 1, PageID.17.) The Court has not been provided with information concerning the status of Petitioner's removal.

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Analysis

As noted above, on August 31, 2026, the Detroit Immigration Court ordered that Petitioner be removed from the United States. Petitioner had thirty days from the entry of the removal order to appeal to the BIA; however, Petitioner failed to file a timely appeal. (BIA Order, ECF No. 8-2, PageID.736.)

Following the expiration of Petitioner's appeal period, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by

---

these provisions "channel" to the court of appeals "decisions and actions leading up to or consequent upon final orders of deportation").

the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, at this time, Petitioner's request for release from detention will be denied.

Petitioner claims that the United States government is not removing noncitizens to Afghanistan but is instead removing Afghan detainees to Pakistan without first providing those individuals with a meaningful opportunity to present a fear-based claim. (ECF Nos. 6, 9.) Petitioner has not been provided with information to determine whether he is among those Afghan detainees scheduled for removal to Pakistan and Respondents have not addressed Petitioner's allegations. Under these circumstances, the Court concludes that the current briefing regarding Petitioner's potential third-country removal claim is insufficient to resolve the claim.

Accordingly, the Court will order Respondents to file a supplemental response within five days addressing Petitioner's potential third-country removal claim. In their supplemental response, Respondents will be directed to address the following: (1) Petitioner's present location and any plans for Petitioner's removal; (2) whether the United States government is currently removing individuals to Afghanistan and, if not, any date that removals to Afghanistan are expected to

resume; (3) whether a third country has been identified for Petitioner's removal; (4) if a third country has been identified, which country was identified; and what opportunity has Petitioner had to apply for asylum or withholding of removal to prevent removal to the third country; and (5) if a third country has not yet been identified, do Respondents intend to remove Petitioner to a third country; when do Respondents expect to identify the specific third country; and will Respondents provide Petitioner with an opportunity to apply for asylum or withholding of removal to prevent removal to the third country. Petitioner may file a reply to Respondents' supplemental response within three days of the filing of the supplemental response. To enable the Court to retain jurisdiction to adjudicate this remaining claim, the Court will enjoin Respondents from removing Petitioner from the United States at this time. *Cf. Diallo v. Raycraft*, No. 1:26-cv-2053, 2026 WL 2861072, at *1 (W.D. Mich. July 14, 2026) (granting a motion for a temporary restraining order preventing Respondents from removing the petitioner to a "third country without first affording him a full and fair opportunity to raise a fear-based claim about his removal to that specific country before an immigration judge").

**Conclusion**

For the reasons discussed above, the Court will enter an order denying in part Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering further briefing regarding Petitioner's third-country removal claim, as detailed above, and enjoining Respondents from removing Petitioner from the United States to enable the Court to retain jurisdiction to adjudicate the remaining claim.

Dated: November 10, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge