UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSTAFA GHULAMI,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3107

Honorable Jane M. Beckering

# ORDER

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) In an opinion and order entered on November 10, 2026, the Court denied, in part, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordered further briefing regarding Petitioner's third-country removal claim, and enjoined Respondents from removing Petitioner from the United States to enable the Court to retain jurisdiction to adjudicate the remaining claim. (Op. & Ord., ECF Nos. 11, 12.)

In response to the Court's November 10, 2026, opinion and order, Respondents submitted a one-page document largely unresponsive to the questions posed by the Court and unsupported by admissible evidence.

The Court notes that several other courts have recently observed Afghanistan does not, in fact, have a recognized government but is instead controlled by the Taliban, with which the United States has no diplomatic relations, posing significant challenges in connection with removals to Afghanistan. *See, e.g.*, *Safi v. Chestnut*, No. 1:26-cv-5728-DC-CSK, 2026 WL 2676854, *4 (E.D.

Cal. Sept. 11, 2026), *report and recommendation adopted sub nom. Safi v. Att'y Gen.*, No. 1:26-CV-05728-DC-CSK (HC), 2026 WL 3139059 (E.D. Cal. Oct. 20, 2026) ("Afghanistan is in turmoil under Taliban rule, and the United States does not recognize the Taliban as the government of Afghanistan, such that there is no United States Embassy in Afghanistan") (quoting *Ahmadzai v. Mullin*, No. 26-CV-2641 JAO (MSB), 2026 WL 1333753, at *2 (S.D. Cal. May 13, 2026)); *Wazir v. Att'y Gen. of United States*, No. 3:26-cv-526, 2026 WL 1122610, at *3 (M.D. Pa. Apr. 24, 2026) ("Any effort to remove [noncitizens] to Afghanistan runs through the Taliban. There are no diplomatic relations between the United States and the present theocratic regime controlling Afghanistan."). Moreover, courts have observed that the Department of Homeland Security has generally informed Afghan nationals that they would be deported to Afghanistan even if those Afghan nationals were instead sent first to Pakistan. *See Project Rousseau, Inc. v. Venturella*, No. 26 CIV. 9602 (VM), 2026 WL 3372870, at *3 (S.D.N.Y. Nov. 6, 2026). Therefore, the current briefing remains insufficient to resolve this matter.

Accordingly, the Court will order Respondents to file a supplemental response, within five (5) business days, addressing the following remaining questions: (1) a description of the plans for Petitioner's removal prior to the entry of the Court's November 10, 2026, opinion and order and any current plans for Petitioner's removal should the Court's stay be lifted; (2) whether the United States government is currently removing individuals directly to Afghanistan and, if not, any date that removals to Afghanistan are expected to resume; (3) whether a third country been identified for Petitioner's removal; (4) if a third country has been identified, which country was identified; and what opportunity has Petitioner had to apply for asylum or withholding of removal to prevent removal to the third country; and (6) if a third country has not yet been identified, do Respondents intend to remove Petitioner to a third country; when do Respondents expect to identify the specific

third country; and will Respondents provide Petitioner with an opportunity to apply for asylum or withholding of removal to prevent removal to the third country. Respondents' supplemental response must be supported by admissible evidence. No further briefing is permitted at this time.

**IT IS SO ORDERED.**

Dated: November 20, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge